## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT MILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-02206-TWP-TAB |
| | ) | |
| SPEEDWAY POST OFFICE, | ) | |
| KEVIN YOUNG Supervisor, | ) | |
| | ) | |
| Defendants. | ) | |

### ENTRY SCREENING AMENDED COMPLAINT AND DIRECTING SERVICE

This matter is before the Court of screening of *pro se* Plaintiff Robert Mills' ("Mr. Mills") Amended Complaint.  In its Entry of December 14, 2023, the Court granted Mr. Mills' motion to proceed *in forma pauperis*, screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and explained that it is subject to dismissal for failing to state a claim upon which relief may be granted (Filing No. 5). The Court gave Mr. Mills an opportunity to file an amended complaint by no later than January 12, 2024, and to show cause why this case should not be dismissed for failing to state a claim. *Id.* On January 5, 2024, filed an Amended Complaint (Filing No. 7).

**1.**     **Screening**

The Seventh Circuit has explained,

[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is

immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## 2. <u>Plaintiff's Amended Complaint</u>

Mr. Mills' Amended Complaint primarily consists of criticisms of the Court's December 14, 2023, Entry, and aspersions about the judiciary in general. However, the Amended Complaint does contain some factual allegations that supplement his original Complaint. Although the Amended Complaint should contain all of Plaintiff's allegations, *see Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."); since Mills is a *pro se* litigant, the Court will incorporate some allegations from the original Complaint.

In his original Complaint, Mr. Mills alleges that he visited the Speedway Post Office and supervisor Kevin Young ("Young") refused to assist him (Filing No. 1 at 5). Mr. Mills then pulled out his cell phone and began recording his interaction with Young. *Id.* Young then allegedly called the Speedway Police Department, who removed Mr. Mills from the premises. *Id.* In the Amended Complaint, Mr. Mills alleges that Young conspired with Sergeant Fekkes of the Speedway Police Department to intimidate and harass Mr. Mills and unlawfully charge Mr. Mills with trespass and defamation (Filing No. 7 at 1). Mr. Mills further alleges that Young and Sergeant Fekkes harassed

Mr. Mills until he left the Speedway Post Office. The Amended Complaint also states that Mr. Mills is amending his claims against the Speedway Post Office to be asserted against the United States (Filing No. 7 at 1 ("[I]f the court wants me to Amend it to Mills v United States then here it is.")).

### 3.   Discussion of Amended Complaint

In the December 14, 2023 Entry, the Court explained that Mr. Mills' claims against the Speedway Post Office could not succeed because the Post Office, as a matter of law, is not a suable entity (Filing No. 5 at 4). Mr. Mills has now amended his claims to name the United States as a defendant instead of the Speedway Post Office. Under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), the United States is the proper defendant to an action alleging negligent or wrongful acts or omissions by a Government employee, including postal employees. In light of the Mr. Mills' amendment, the Court has not determined that his claims against the United States must be dismissed pursuant to § 1915(e), so those claims **shall proceed**.

Mr. Mills also asserts claims against Young for violation of his First and Fourteenth Amendment rights, and for conspiracy, intimidation, and harassment. In the December 14, 2023 Entry, the Court dismissed Mr. Mills' constitutional claims against Young because the Fourteenth Amendment does not apply to the Federal Government, and because there is no private cause of action against employees of the Federal Government for violations of the First Amendment. (Filing No. 5 at 4); *see Egbert v. Boule*, 596 U.S. 483, 498 (2022) (finding that *Bivens* does not extend to First Amendment claims). The Court further held that Mr. Mills had failed to offer any basis for asserting a civil claim for intimidation or harassment, which are criminal offenses under Indiana law, and that Mr. Mills had not alleged adequate details about the civil conspiracy to withstand dismissal (Filing No. 5 at 5).

Mr. Mills' Amended Complaint fails to cure the identified deficiencies with respect to Mr. Mills' constitutional claims, intimidation claim, and harassment claim against Young. Accordingly, those claims must be **dismissed**. However, the Amended Complaint identifies the alleged members and general purpose of the civil conspiracy (Filing No. 7 at 1). Accordingly, the Court has not determined that Mr. Mills' civil conspiracy claim against Young must be dismissed, so that claim **shall proceed**.

This ruling is without prejudice to the filing of a proper Rule 12 motion.

Additionally, the **clerk is directed** to change the docket text for Filing No. 7 from "Amended" to "Supplemental" Complaint.

### 4.    Service of Process

Because Mr. Mills is proceeding *in forma pauperis*, Federal Rule of Civil Procedure 4(c)(3) requires the Court to order service for Mr. Mills. Accordingly, the Clerk is **designated** pursuant to Rule 4(c)(3) to issue process to Defendants United States of America and Kevin Young. The Marshal for this District or his Deputy shall serve the summons, together with a copy of the original Complaint (Filing No. 1), Supplemental Complaint (Filing No. 7), and a copy of this Entry, on the Defendants and on the officials designated pursuant to Rule 4(i)(2), at the expense of the United States.

Further, the Clerk is **directed** to **terminate** the Speedway Post Office as a party and **add** the United States of America as a defendant.

**SO ORDERED**.

Date:    1/31/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT MILLS
10991 Horseshoe Dr.
Indianapolis, IN 46234

United States of America
Kevin Young
c/o United States Attorney General
Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States of America
Kevin Young
c/o Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048