UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT MILLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-02206-TWP-TAB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**ORDER SCREENING AND STRIKING SECOND AMENDED COMPLAINT**

On March 14, 2023, *pro se* Plaintiff Robert Mills ("Mills") filed a document titled "Amendment," which the Court construes as a Second Amended Complaint (Dkt. 11). For the reasons explained below, the Court **denies** Mills leave to amend his complaint and **strikes** his Second Amended Complaint from the record. The operative pleading is Mills' first Amended Complaint, which was filed on January 5, 2024 (Dkt. 7).

**I.  BACKGROUND**

Mills initiated this action alleging that the Speedway Post Office and postal supervisor Kevin Young ("Young") violated his First and Fourteenth Amendment rights and committed intimidation, harassment, and conspiracy by having the Speedway Police Department forcibly remove Mills from the post office (Dkt. 1). In the Entry of December 14, 2023, the Court granted Mills leave to proceed *in forma pauperis* and screened his original Complaint (Dkt. 5). Because the Speedway Post Office is not a suable entity, and because Mills' original Complaint failed to allege adequate facts to assert a claim against Young, the Court found the Complaint was subject to dismissal for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B). Specifically, the Court explained that a post office "is just a building that cannot be sued." *Stewart v. Moore*, No. 21-CV-555, 2022 WL 1442923, at *2 (W.D. Wis. May 6, 2022) (citing *Smith v. Knox*

*Cnty. Jail*, 666 F.3d 1037, 1040) (7th Cir. 2012)); (Dkt. 5 at 4). The Court noted that the United States—which operates federal agencies including the United States Postal Service—appeared to be the proper defendant to Mills' claims (Dkt. 5 at 5). As for Young, the Court explained that individual federal government employees cannot be sued for violations of the First Amendment or for tortious conduct, and that the Fourteenth Amendment applies only to the States, not the federal government (Dkt. 5 at 4–5). The proper defendant to Mills' claims appears to be the United States. *Egbert v. Boule*, 596 U.S. 483, 498 (2022) (stating that *Bivens* does not extend to First Amendment claims); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in [a Federal Tort Claims Act] action is the United States."). The Court also explained that the original Complaint did not allege adequate facts to support Mills' claim of civil conspiracy against Young. Mills was granted an opportunity to amend his Complaint by no later than January 12, 2024, and to show cause why this case should not be dismissed because of a lack of subject-matter jurisdiction. *Id.*

On January 5, 2024, Mills filed an Amended Complaint (Dkt. 7). Consistent with the Court's December 2023 Entry, the Amended Complaint substituted the United States for the Speedway Post Office as a defendant (Dkt. 7 at 1 ("[I]f the court wants me to Amend it to Mills v United States then here it is.")). The Amended Complaint also included additional factual allegations supporting Mills' civil conspiracy claim against Young. In the Entry of January 31, 2024, the Court screened the Amended Complaint. The Court found that under § 1915(e), Mills had adequately alleged tort claims against the United States and a civil conspiracy claim against Young, and the Court allowed only those claims to proceed.

However, the Amended Complaint did not cure the identified deficiencies with respect to the remaining claims against Young, so those claims were dismissed (Dkt. 8 at 3–4). The Court

2

also dismissed the Speedway Post Office as a defendant. *Id.* at 4. The Court designated the Clerk pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to the United States and Young, and the United States subsequently appeared in this action on behalf of itself and Young (Dkt. 12; Dkt. 13; Dkt. 17).

On March 14, 2024, without first requesting leave to do so, Mills filed a Second Amended Complaint. The caption of the Second Amended Complaint names only the Speedway Post Office and Young (but not the United States) as defendants. The Second Amended Complaint states:

> This suit is against The Post Office & i wanna hold Kevin Young personally responsible for his actions, Kevin Young 1st & 14th amendment violation defamed my character by giving the impression i was a criminal to those receiving service & those who view my content by contacting Speedway Police dept who i will be suing under this submission as well as getting Speedway Police dept Sgt. Fekkes qualified immunity stripped for personal liability in this suit for a 1983 deprivation of rights defamation, intimidation, harassment, unlawful trespass & failure to provide public service under color of law & official misconduct on Young & Fekkes as well as the 1st & 14th amendment violations. Im trying to see how our tax funded agencies treat & carry out their duties to those seeking service, they make false 911 calls & make false statements to defame my character & conspire with officers to try a malicious prosecution for me simply videoing in public, in which this case i didn't plan on videoing till Kevin refused service. i started videoing then for proof, i videoed this same location before & Kevin Young was working that day, nothing was said about me videoing that day, but he makes a 911 call when he refused service.

(Dkt. 11 at 1–2).

Federal Rule of Civil Procedure 15(a)(2) provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent of the court's leave." Local Rule 15-1 requires amendments to a pleading must reproduce the entire pleading as amended. For these reasons alone, the Court could strike Mills' Second Amended Complaint from the record. However, in its discretion, the Court will first consider whether Mills should be granted leave to file his Second Amended Complaint. *Stark v. Rutherford*, 442 F. Supp. 3d at 1084, 1088 (S.D. Ind. 2020) ("[W]hether the Court holds *pro se* litigants to the consequences of violating the Court's Local

3

Rules is a matter of discretion.") (citing *Gray v. Hardy*, 826 F.3d 1000, 1004 –05 (7th Cir. 2016)). It is "well established that *pro se* litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). "Although *pro se* litigants get the benefit of more generous treatment in some respects, they must nonetheless follow the same rules of procedure that govern other litigants." *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000).

## II.     LEGAL STANDARD

The Court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Generally, 'a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [his] complaint before the entire action is dismissed.'" *O'Boyle v. Real Time Resolutions*, 910 F.3d 338, 347 (7th Cir. 2018) (quoting *Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 519 (7th Cir. 2015)). However, the Court need not grant leave to amend if "'it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.'" *Id.* at 347 (quoting *Barry Aviation v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). "An amendment is futile if the amended complaint would not survive a motion for summary judgment." *King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 819 (7th Cir. 2007).

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court may, (1) act on its own, or (2) on a motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. *Id.*

### III.   DISCUSSION

Mills' Second Amended Complaint reasserts claims that have been dismissed against the Speedway Post Office and Young and asserts new claims against the Speedway Police Department and Speedway Police Sergeant Fekkes ("Sergeant Fekkes"). As explained below, neither type of claim would survive dismissal so amendment of Mills' complaint would be futile.

**A.   Dismissed Claims against Speedway Post Office and Young**

In its December 2023 Entry, the Court explained that the Speedway Post Office is not a suable entity, and that Young cannot be held personally liable for the alleged violation of Mills' First or Fourteenth Amendment rights. The Court also explained that the only proper defendant to this action appeared to be the United States. Mills' Amended Complaint correctly named the United States as a defendant, and the Court allowed his claims against the United States, and his civil conspiracy claim against Young, to proceed.

Mills' Second Amended Complaint undoes the progress of his first Amended Complaint by asserting that this action is "against The Post Office" and that Mills wants to "hold Kevin Young personally responsible for . . . 1st & 14th amendment violation" (Dkt. 11 at 1). Mills understandably blames the Speedway Post Office and Young for the alleged constitutional injuries he has suffered. But for purposes of litigating in this Federal Court, Mills cannot seek redress from the Speedway Post Office—which the Court has explained in a building and not a suable entity. Mills must instead direct his claims to the suable entity that operates the United States Postal Service—the United States.

Additionally, the law provides that individual employees of the federal government— including postal employees like Young—cannot be held personally liable for violations of the First Amendment, the Fourteenth Amendment, or state law torts. For those reasons, Mills' claims against the Speedway Post Office and claims against Young, personally, cannot succeed.

5

**B.      New Claims against Speedway Police Department and Sergeant Fekkes**

Mills' Second Amended Complaint asserts new claims against the Speedway Police Department (Dkt. 11 at 1 ("who i will be suing under this submission")) and claims against Sergeant Fekkes "for a 1983 deprivation of rights defamation, intimidation, harassment, unlawful trespass & failure to provide public service under color of law & official misconduct," *id.* at 1–2. These new claims do not appear to be related to the claims against the United States and Young. It appears that the Second Amended Complaint violates Federal Rules of Civil Procedure 20, which guide the Court's analysis. Rule 20(a)(2) permits a plaintiff to join defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." "[M]ere overlap between defendants is not enough." *Thompson v. Bukowski*, 812 F. App'x 360, 363 (7th Cir. 2020). Mills Complaint cannot proceed as currently presented.

The Second Amended Complaint violates Rule 20, as it advances unrelated claims against separate defendants based on separate events that do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Moreover, as pled, there is no common question of law or fact that ties together the various claims against all defendants. Fed. R. Civ. P. 20(a)(2)(B). If Mills wishes to pursue his new unrelated claims against Sergeant Fekkes for defamation, intimidation, harassment, and unlawful trespass, he must file a separate lawsuit for those claims.

Even if the new claims were related, they would still be subject to dismissal for several reasons. As a matter of law, the Speedway Police Department is not a suable entity. Whether a municipal police department may be sued is a question of Indiana law, and the answer is well settled. The United States Supreme Court has instructed that local government liability under

6

Section 1983 "is dependent on an analysis of state law." *McMillian v. Monroe Cnty.*, 520 U.S. 781, 786 (1997). Under Indiana law, a "[m]unicipal corporation" is a "unit, . . . or other separate local governmental entity that may sue and be sued." Ind. Code § 36-1-2-10. A "'[u]nit' means county, municipality, or township," Ind. Code § 36-1-2-23, and a "[m]unicipality" is a "city or town," Ind. Code § 36-1-2-11. The Seventh Circuit Court of Appeals has recognized that Indiana's "statutory scheme does not grant municipal police departments the capacity to sue or be sued." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (citing *McMillian*, 520 U.S. at 786); *see e.g.*, *Ware v. City of Indianapolis*, No. 21-cv-2244, 2021 WL 4895320, at *2–3 (S.D. Ind. Oct. 20, 2021) (granting motion to dismiss claims against Indianapolis Metropolitan Police Department because "[t]he law is clear that the IMPD is not a suable entity"); *Davis v. Reid Hosp. (Heath)*, No. 20-cv-523, 2021 WL 1316017, at *2 (S.D. Ind. Apr. 8, 2021) (granting motion to dismiss claims against Richmond Police Department "because it is not a suable entity").

The proper municipal defendant to a Section 1983 claim is the municipality itself—the Town of Speedway. However, the Second Amended Complaint does not name the Town of Speedway and, more importantly, does not allege any basis for imposing liability on the Town of Speedway. It is well established that there is no *respondeat superior* liability under Section 1983. Stated differently, the Town of Speedway may not be held indirectly liable for Sergeant Fekkes' misconduct. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To allege a Section 1983 claim against a municipality under *Monell*, a plaintiff must plead not only that his rights were violated but also that the municipal defendant was the "moving force" behind his constitutional injury. *Id.* at 691–95. The "moving force" requirement is shown through (1) the existence of an express municipal policy that caused the alleged constitutional violation, (2) the person who committed the constitutional violation was a public official with final policymaking authority, or

(3) the existence of a pattern, practice, or custom that was so widespread or persistent that it rises to the level of a municipal policy. *Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994). A plaintiff pursuing a claim of municipal liability for a widespread practice must allege more than his own constitutional injury; "a series of violations must be presented to lay the premise for a widespread practice claim under *Monell*." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) (internal quotation marks omitted).

The new claims do not allege facts adequate to assert claims against Sergeant Fekkes. Although individual municipal police officers may be sued under Section 1983, the Second Amended Complaint does not contain enough factual allegations from which the Court could infer what specific conduct by Sergeant Fekkes harmed Mills. Mills' legal conclusions that Sergeant Fekkes engaged in the "deprivation of rights defamation, intimidation, harassment, unlawful trespass & failure to provide public service under color of law & official misconduct," without any supporting factual allegations, are not enough to state a viable claim. Mills' claims in the Second Amended Complaint against the Speedway Police Department and Sergeant Fekkes would not survive dismissal, and amendment would therefore be futile.

### IV.   CONCLUSION

For the reasons explained in this Order, the Second Amended Complaint, (Dkt. 11) is STRICKEN. The Second Amended Complaint fails to allege any claims upon which relief could be granted, it fails to comply with Rule 20, and amendment would be futile. The Court therefore **DENIES** Mills leave to file his Second Amended Complaint. Mills' first Amended Complaint (Dkt. 7) remains the operative pleading.

If Mills wishes to amend his pleadings in the future, he must file a Motion for Leave to Amend Pleadings in compliance with Local Rule 15-1(a), which must be "accompanied by a proposed order and one signed original and one copy of the proposed amended pleading" and

"must reproduce the <u>entire pleading</u> as amended." S.D. Ind. L.R. 15-1(a)–(b) (emphasis added). The proposed amended pleading "must include <u>all defendants, claims, and factual allegations</u> the plaintiff wishes to pursue in an action. An amended complaint completely replaces the prior complaint in its entirety and as such it must stand alone without requiring the court to refer back to any previous complaint filed by the plaintiff." *Brown v. Town of Corydon*, No. 23-cv-86, 2024 WL 98682, at *1 (S.D. Ind. Jan. 9, 2024) (emphasis added); *see Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.")). However, Mills **may not** seek leave to reassert his claims against the Speedway Post Office or Young, individually, for the reasons described in this Order and in the Court's earlier screening Entries. And if leave is granted, he **must comply with Rule 20** and file a separate action for unelated parties and events.

The **Clerk is directed** to change the docket text for Filing No. 11 from "Submission of Amendment" to "Second Amended Complaint."

**SO ORDERED**.

Date: 4/29/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT MILLS
10991 Horseshoe Dr.
Indianapolis, IN 46234

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov