UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT MILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:23-cv-02206-TWP-TAB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT UNITED STATES' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ON FAILURE TO EXHAUST DEFENSE**

Plaintiff Robert Mills, a "First Amendment auditor,"[1] initially sued the Speedway Post Office and United States Postal Service (the "Postal Service") supervisor Kevin Young. [*See* Filing No. 1.] Mills subsequently filed a First Amended Complaint [Filing No. 7], which the Court construed as stating a claim under the Federal Tort Claims Act ("FTCA") against the United States and a "civil conspiracy" claim against Young. [*Id.* at 3-4.] After the United States' substitution pursuant to 28 U.S.C. § 2679(d)(1) [*see* Filing No. 13], the only claims that remain are against the United States under the FTCA. Those claims must be dismissed for several reasons.

First, the allegations in the operative First Amended Complaint are not sufficient to state any claim against the United States—let alone one under the FTCA. And, even considering the allegations in Mills' first two pleadings, they are still insufficient to meet the applicable federal

---

[1] As the Court explained in its initial Screening Order, a "First Amendment auditor . . . is a person who seeks out and records interactions with government officials, or in government buildings, purportedly to ensure that the individuals being recorded do not violate the recorder's constitutional rights." [Filing No. 5 at 2-3 (citing *Dave v. O'Carrol*, No. 22-40653, 2023 WL 2983567 (5th Cir. Apr. 18, 2023).]

pleading standards, justifying the dismissal of this entire action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Furthermore, the allegations that the pleadings do contain—that Young violated the Constitution and engaged in intimidation, harassment, and defamation—fall outside the FTCA's waiver of sovereign immunity, further warranting dismissal of these claims under Rule 12(b)(6). As to the remaining civil conspiracy claim, this deficiency proves fatal, as there is no independent cause of action for conspiracy under Indiana law. *See Birge v. Town of Linden*, 57 N.E.3d 839, 846 (Ind. Ct. App. 2016).

Leaving aside these deficits, Mills' FTCA claims must be dismissed for a separate reason—his failure to exhaust administrative remedies under the FTCA. *See* 28 U.S.C. § 2675(a). Specifically, there is no record that Mills filed any administrative claim with the Postal Service before initiating this action, as § 2675(a) requires. Accordingly, in the alternative, the United States is entitled to summary judgment in its favor on this defense.[2]

## I.  FACTUAL BACKGROUND

According to the First Amended Complaint,[3] at some unspecified date, Kevin Young, a supervisor at a post office, conspired with Sergeant Fekkes, of the Speedway Police Department, "to unlawfully trespass [Mills] from public property where [he] was conducting business." [Filing No. 7 at 1.] Mills "charges" Young with "defamation," for making it seem like he was a criminal to others at the post office, threatening him with arrest if he did not leave, and harassing him until he left. [*Id.*] He further cites "U.S.C. 18 § 241," for a purported denial of life, liberty,

---

[2] Should the Court deny or not reach this alternative motion, the United States reserves the right to move for summary judgment on the merits of Mills' claims, and any other defenses, at a later date.
[3] The United States accepts the factual allegations in the original Complaint and First Amended Complaint as true for purposes of this motion only.

2

and freedom.  [*Id.*]  The First Amended Complaint does not contain any request for relief.  [*See generally id.*]

The allegations in Mills' original Complaint add slightly more background information, clarifying that this incident purportedly occurred at the Speedway Post Office when Mills went there to gather information on a pending court case.  [Filing No. 1 at 5.]  After Young (allegedly) refused to assist Mills, Mills began recording the refusal on his phone, at which point Young called the Speedway Police Department.  [*Id.* at 5.]  The original Complaint accuses Young of violating the First and Fourteenth Amendments as well as engaging in conspiracy, intimidation, and harassment.  [*Id.*]  Mills does not indicate what relief he seeks in this pleading either.  [*See id.* (in which Mills lists nothing under the "Relief" section).]

## II.   PROCEDURAL BACKGROUND

In December 2023, Mills filed his original Complaint against the Speedway Post Office and supervisor Young arising from this purported incident.  [Filing No. 1.]  Shortly thereafter, the Court screened the Complaint under 28 U.S.C. § 1915(e)(2)(B), determining that it did not have subject matter jurisdiction over the claims as pled, that the proper defendant was not named for any FTCA claim, and that any constitutional claims were not cognizable.  [*See* Filing No. 5 at 3-5.]  The Court provided Mills an opportunity to show cause why judgment should not be entered against him.  [*Id.* at 5-6.]  In response, Mills filed the First Amended Complaint, in which he stated: "if the Court wants me to amend it to Mills v. United States then here it is." [Filing No. 7 at 1.]  The Court construed this statement as an amendment naming the United States as a defendant in place of the Speedway Post Office.  [*See* Filing No. 8 at 3.]

In screening the First Amended Complaint, and given his *pro se* status, the Court incorporated some allegations from Mills' original Complaint.  [*Id.* at 2.]  It then allowed the

3

following claims to proceed: (1) claims against the United States under the FTCA; and (2) a civil conspiracy claim against Young. [*Id.* at 3-4.] Moreover, the Court directed the clerk to change the docket text for Filing No. 7 from "Amended" to "Supplemental" Complaint. [*Id.* at 4.] Because, in Indiana, "[a]llegations of civil conspiracy sound in tort," *K.M.K. v. A.K.*, 908 N.E.2d 658, 663 (Ind. Ct. App. 2009), the United States substituted itself in place of Young pursuant to 28 U.S.C. § 2679(d)(1). [*See* Filing No. 13.]

Meanwhile, without leave of court, Mills filed a Second Amended Complaint, stating that "this suit is against The Post Office" and seeking to "hold Kevin Young personally responsible for his actions." [Filing No. 11 at 1.] He also attempted to add claims against the Speedway Police Department and Sergeant Fekkes. [*See generally id.*] Upon screening, the Court found that the Second Amended Complaint failed to allege any claims upon which relief could be granted and denied Mills leave to file his Second Amended Complaint as futile. [Filing No. 18 at 8.] In doing so, the Court recognized Mills' First Amended Complaint [Filing No. 7] as the operative pleading [Filing No. 18 at 1, 8].

### III.  STATEMENT OF MATERIAL FACTS NOT IN DISPUTE[4]

The Postal Service Law Department maintains records on each administrative claim submitted for adjudication to the Postal Service pursuant to the FTCA's provisions. [Filing No. 19-1 (Declaration of Kimberly A. Herbst ("Herbst Decl.")) at ¶ 1.] These records are maintained nationwide. [*Id.*] As such, they include tort claims submitted arising from incidents that purportedly occurred within the State of Indiana. [*Id.*]

The Law Department maintains an internal database that contains a listing of most claims

---

[4] Should the Court consider the United States' alternative motion for summary judgment on its failure to exhaust defense, this section is included pursuant to S.D Ind. L. R. 56-1(a).

filed against the Postal Service for damage, injury, or death.  [*Id.* at ¶ 2.]  Kimberly A. Herbst, Manager for Tort Program and Adjudication with the Postal Service's National Tort Center, conducted a search of all Law Department records of administrative tort claims submitted for adjudication for evidence of an administrative claim filed by, or on behalf of, Robert Mills.  [*Id.* at ¶ 3.]  No such claim was discovered.  [*Id.*]

The Postal Service Tort Claims/Collections Specialists maintain a separate database containing information on, and tracking claims submitted for, adjudication at the local level.  [*Id.* at ¶ 4.]  Ms. Herbst also conducted a search of this database for evidence of an administrative claim filed by, or on behalf of, Robert Mills, at the local level.  [*Id.* at ¶ 5.]  Again, no such claim was discovered.  [*Id.*]

### IV.     MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

As a threshold, and dispositive, matter, the FTCA claims against the United States must be dismissed under Rule 12(b)(6) for several reasons.

**A.     Standards on a Rule 12(b)(6) motion to dismiss.**

To survive a motion to dismiss under Rule 12(b)(6), the complaint must "provide the grounds of [plaintiff's] entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation, internal quotation marks, and brackets omitted).  That is, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555-56 (citations and internal quotation marks omitted).  Therefore, to survive a motion to dismiss, a complaint must contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face."

5

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true the well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor.  *See Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

**B.      Mills' allegations fail to meet Rule 8's pleading standards.**

Federal Rule of Civil Procedure 8(a) provides that a pleading that states a claim for relief must contain the following:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the Court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3).  Mills' operative Complaint does not satisfy any of these pleading requirements.

As an initial matter, and as the Court has recently recognized [*see* Filing No. 18 at 1, 8], the First Amended Complaint [Filing No. 7] is the operative pleading here.  Although the Court considered allegations from Mill's original Complaint when it determined the viability of his claims in the First Amended Complaint [*see* Filing No. 8 at 2], it is well settled that "an amended complaint supersedes an original complaint and renders the original complaint void." *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).  This supersession means that "facts or admissions from an earlier complaint that are not included in a later complaint cannot be considered on a motion to dismiss." *Scott v. Chuhak & Tecson, P.C.*, 725

6

F.3d 772, 782-83 (7th Cir. 2013).  That Mills is *pro se* should not change this principle.  *See Norman v. City of Lake Station*, 845 F. App'x 459, 461 (7th Cir. 2021) (unpublished) (applying *Scott* to a *pro se* plaintiff's pleadings); *Reid v. Payne*, 841 F. App'x 1001, 1002-03 (7th Cir. 2021) (unpublished) (same); *Knopp v. Wells Fargo Bank, N.A.*, No. 16 C 2330, 2017 WL 3141389, at *4 (N.D. Ill. July 25, 2017) (same).  Accordingly, when deciding this motion to dismiss, the Court should only consider the allegations in Mills' First Amended Complaint.

The one and a half-page First Amended Complaint, however, fails to meet Rule 8's basic pleading requirements.  First, there is no statement of the purported basis of the Court's jurisdiction, as Rule 8(a)(1) requires.  [*See generally* Filing No. 7.]  The only cite to any statute is presumably to 18 U.S.C. § 241 [*see id.* at 1 (citing to "U.S.C. § 18 241")], a criminal statute which has no bearing on Mills' claims in this civil action.[5]

As to the requirements of Rule 8(a)(2), although this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  Accordingly, a pleading that merely contains labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement is insufficient.  *Id.*

The First Amended Complaint contains no allegations specifying when this incident involving Mills, Young, and Sergeant Fekkes allegedly occurred or where it occurred other than a post office.  [*See generally* Filing No. 7.]  Nor does it describe the events leading up to the purported involvement of Sergeant Fekkes.  [*See generally id.*]  Indeed, most of the factual allegations are included in just one (run-on) sentence:

---

[5] Mills' statement of purported jurisdiction in the original Complaint [*see* Filing No. 1 at 2 (identifying the basis for jurisdiction as "1st Amendment, 14th Amendment, Conspiracy")] fares no better, as the Court concluded in its initial Screening Order [*see* Filing No. 5 at 3-5].

> [M]y claim is a supervisor Kevin Young conspired with Speedway Police dept [sic] to unlawfully trespass me from public property where I was conducting business, charges as listed defamation, for giving the appearance of the me being a criminal in appearance to others at the post office, intimidation by Young & Fekkes the Sgt of the Speedway Policy Officer [sic] who both threatened arrest if i [sic] didn't leave, harassment, Young & Fekkes both harassed me till i [sic] left[.]

[*Id.* at 1.] But these are nothing more than naked assertions of purported harm to Mills, devoid of further factual enhancement, which are insufficient to state a claim under Rule 8(a)(2). *See Iqbal*, 556 U.S. at 678. Nor from these bare, "the-defendant-harmed-me" accusations can the Court draw a reasonable inference that Young, or any other employee of the United States, acted negligently or committed an actionable tort against Mills. *See Medaris v. Magnus-Stinson*, No. 1:19-cv-04144-JPH-MJD, 2019 WL 5190973, at *2 (S.D. Ind. Oct. 11, 2019) (dismissing a *pro se* plaintiff's complaint that failed to allege facts that would allow the Court to draw the reasonable inference that the defendant was liable for constitutional violations or violations of Indiana tort law or the Uniform Commercial Code).

This conclusion would not change even if the Court considered the additional allegations in the original Complaint (which it should not). Again, the original Complaint does not identify any date on which this incident purportedly occurred—it could have been months or years before. [*See generally* Filing No. 1.] And it contains no factual enhancements establishing how Young purportedly intimidated or harassed Mills.

Lastly, the First Amended Complaint does not satisfy Rule 8(a)(3)'s requirement of a "demand for the relief sought." In fact, the First Amended Complaint fails to indicate what—if any—relief that Mills seeks in this action. [*See generally* Filing No. 7.] The same is true of the original Complaint. [*See* Filing No. 1 at 5 (in which Mills failed to identify any relief sought under the "Relief" Section).] A plaintiff's "failure to comply with Rule 8(a)(3) can result in the

8

dismissal of an action." *Clemons v. Wexford Healthcare*, No. 18-cv-1398-SMY, 2019 WL 2409560, at *2 (S.D. Ill. June 7, 2019); *see Graham v. Watson*, No. 15-cv-01114-NJR, 2016 WL 2755169, at *5 (S.D. Ill. May 12, 2016) (on screening, dismissing without prejudice an amended complaint that did not satisfy Rule 8(a)(3)); *Turner v. Doe*, No. 08-cv-432-GPM, 2008 WL 4279989, at *3 (S.D. Ill. Sept. 17, 2008) (dismissing § 1983 claims partly because the amended complaint did not make a claim for relief against the defendants as required by Rule 8(a)(3)).

That Mills' operative Complaint—the First Amended Complaint—does not satisfy any of Rule 8(a)'s pleading requirements justifies its dismissal on this ground alone.

C. **The United States has not waived its sovereign immunity as to Mills' claims.**

It is well settled that the United States, as sovereign, is immune from suit unless it consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). In fact, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Sherwood*, 317 U.S. at 586. "If the Government does waive its sovereign immunity, it alone dictates the terms and conditions on which it may be sued." *Macklin v. United States*, 300 F.3d 814, 820 (7th Cir. 2002). Absent a waiver of sovereign immunity, a federal district court lacks subject matter jurisdiction over claims against the United States as well as its agencies and instrumentalities.[6] *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suits."); *see also Lewis v. Hunt*, 492 F.3d 565, 570 (5th Cir.

---

[6] The Seventh Circuit has held that the question of sovereign immunity is not a jurisdictional one. *See Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818, 822 (7th Cir. 2016) (collecting cases). Thus, "[i]n this Circuit, a sovereign immunity defense, if sustained, shows that the plaintiff failed to state a claim." *Kentera v. United States*, No. 16-CV-1020-JPS, 2017 WL 401228, at *1 (E.D. Wis. Jan. 30, 2017) (citing *Collins v. United States*, 564 F.3d 833, 837-38 (7th Cir. 2009)).

2007) ("In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity.").

To maintain a viable claim against the United States or its agencies or instrumentalities in federal court, a plaintiff must identify both a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action. *Macklin*, 300 F.3d at 819. The plaintiff's failure to satisfy either of these requirements mandates the dismissal of his claim. *Id.*

Although Mills did not identify the basis for the purported waiver of sovereign immunity against the United States, the Court allowed him to proceed on claims under the FTCA. [*See* Filing No. 8 at 3.] In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees. *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). This waiver, however, does not extend to constitutional torts against the United States. *See Meyer*, 510 U.S. at 485-86 (stating that "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims" and, thus, holding that such claims are not cognizable under § 1346(b)); *Linder v. United States*, 937 F.3d 1087, 1090 (7th Cir. 2019) (noting the "[t]he limited coverage of the FTCA, and its inapplicability to constitutional torts"); *Pittman v. U.S. Postal Serv.*, No. 22-cv-1433, 2023 WL 8807252, at *7 (N.D. Ill. Dec. 20, 2023) (noting that an allegation of racial discrimination advanced by a plaintiff who was banned from a local post office "does not allege a claim" under the FTCA). Accordingly, to the extent Mills is attempting to advance a FTCA claim that Young, or any other employee of the United States, violated his constitutional rights, such claims must be dismissed.

The FTCA's waiver of sovereign immunity is also subject to several enumerated exceptions. *See* 28 U.S.C. § 2680(a)-(n) (setting forth the exceptions to the FTCA). One such

exception—referred to as the "intentional tort exception," *Levin v. United States*, 568 U.S. 503, 507 (2013)—exempts from the FTCA's coverage "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."[7] 28 U.S.C. § 2680(h).

Here, Mills accuses Young of defaming him by making it appear to others at the post office that he was a criminal. Claims of defamation—which includes both libel and slander—are explicitly outside the waiver of the United States' sovereign immunity set forth in the FTCA. *See* 28 U.S.C. § 2680(h); *Apampa v. Layng*, 157 F.3d 1103, 1104 (7th Cir. 1998) (stating that the FTCA barred suit for defamation); *McDonnell v. Cisneros*, 84 F.3d 256, 261 (7th Cir. 1996) ("The United States is not liable under the Tort Claims Act for defamation by its employees.").

As to Mills' allegations of purported threats and harassment (which Mills, again, provides no details regarding), these appear to be "merely generalized grievances" about the incident at the post office rather than any recognizable torts under Indiana law. *See Martin v. Noble County Sheriff's Dep't*, No. 1:18-cv-121, 2021 WL 26310, at *20, *22 (N.D. Ind. Jan. 4, 2021) (stating, in deciding summary judgment motion, that plaintiff's factual allegations did not state any recognizable torts for harassment or retaliation under Indiana law). Nonetheless, liberally construing the allegations, the claim that Young, along with a state police sergeant, harassed and threatened Mills with arrest until he left the post office could be construed as akin to an abuse of process claim. *See Hall v. Shaw*, 147 N.E. 3d 394, 400 n.2 (Ind. Ct. App. 2020) (stating that "[a] party claiming abuse of process must show a misuse or misapplication of process for an end other than that which it was designed to accomplish"). But abuse of process is also an

---

[7] Although there is an exception to this exception for investigative or law enforcement officers, *see* 28 U.S.C. § 2680(h), that exception is not applicable here.

11

intentional tort that is exempted from the FTCA's coverage. *See* 28 U.S.C. § 2680(h); *Prewitt v. United States*, No. 11 C 3136, 2011 WL 5077146, at *2 (N.D. Ill. Oct. 26, 2011) (agreeing that § 2680(h) "expressly prohibits [plaintiff's] claims for malicious prosecution and abuse of process").

One recent case in the Northern District of Illinois—*Pittman v. U.S. Postal Service*, 2023 WL 8807252—dealt with allegations like those Mills brings here. In *Pittman*, a Postal Service supervisor thought the plaintiff was harassing customers and disrupting the flow of business and called the police, who responded and wrote a report. *Id.* at *1-2. The post office banned the plaintiff from entering the building, except to access his post office box in the foyer. *Id.* The plaintiff sued under the FTCA and state law, alleging (among other allegations) that the Postal Service supervisor "plac[ed] plaintiff in [a] false light because Defendant filed [a] complaint with the Evergreen Park Police Department with no facts in the complaint." *Id.* at *7. The Court construed that as an allegation that a federal employee made a false statement, which it found was excluded from the FTCA's coverage under 28 U.S.C. § 2680(h). *Id.*

This Court should reach the same conclusion as to Mills' similar allegations that Young falsely gave the appearance to others that Mills was a criminal—or somehow mispresented him as such. *See* 28 U.S.C. § 2680(h) (including "misrepresentation" as one of the torts exempted from the FTCA's coverage for non-law enforcement and investigative employees of the federal government); *Beaulieu v. Ashford Univ.*, 529 F. Supp. 3d 834, 849 (N.D. Ill. 2021), *aff'd sub nom.*, *Beaulieu v. Ashford Univ., LLC*, No. 22-1654, 2022 WL 17076691 (7th Cir. Nov. 18, 2022) (noting that plaintiff's claims for intentional torts, including misrepresentation and deceit, are not allowed under the FTCA).

Mills' failure to identify an actionable, independent tort under Indiana law that can be

12

pursued against the United States under the FTCA is fatal to his remaining "civil conspiracy" claim. That is because, in Indiana, civil conspiracy is not an independent cause of action. *Birge*, 57 N.E.3d at 846. Rather, "the cause of action is for the damages that result from the conspiracy. In other words, allegations of a civil conspiracy are just another way of asserting concerted action in the commission of a tort." *Boyle v. Anderson Fire Fighters Ass'n Loc. 1262*, 497 N.E. 2d 1073, 1079 (Ind. Ct. App. 1986). Thus, if Mills cannot sue the United States for intentional torts such as defamation, abuse of process, and misrepresentation, then he cannot recover damages for alleged concerted action taken in commission of those torts, leading to the dismissal of his dependent civil conspiracy claim.

To that point, Mills has not even alleged what those purported damages may be. In fact, Mills fails to identify any alleged injuries he experienced from the purported incident with Young at the post office. [*See generally* Filing No. 7.] But the FTCA authorizes a suit against the United States "for injury or loss of property, or personal injury or death." 28 U.S.C. § 1346(b)(1). As the Court in *Pittman* noted, "[t]rying to stuff this case within the confines of the Federal Tort Claims Act is an odd fit, at best." *Pittman*, 2023 WL 8807252, at *6. Mills does not allege that he suffered "injury or loss of property," or that he suffered "personal injury or death." Without such allegations, his claims under the FTCA are further subject to dismissal on this basis.

V. **MOTION FOR SUMMARY JUDGMENT ON FAILURE TO EXHAUST**

Should the Court deny its motion to dismiss, the United States moves, in the alternative, for summary judgment on its failure to exhaust defense. As set forth below, before initiating this action, Mills failed to present an administrative tort claim to the Postal Service, let alone fully exhaust that process, further requiring the dismissal of his claims against the United States.

13

A. **Standard on a Rule 56 motion.**

Federal Rule of Civil Procedure 56(c) provides that summary judgment is proper if the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). When ruling on a motion for summary judgment, the court construes all justifiable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A party who bears the burden of proof on a particular issue, however, may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). "[T]he mere scintilla of evidence" and "[i]nferences supported only by speculation or conjecture" cannot defeat a motion for summary judgment. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 894 (7th Cir. 2018) (citations omitted).

B. **Mills did not exhaust his administrative remedies under the FTCA before filing this action.**

Again, the FTCA is a limited waiver of the United States' sovereign immunity for claims arising out of torts committed by federal employees in certain circumstances. *Ali*, 552 U.S. at 217-18; *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012). Because the FTCA is an express waiver of sovereign immunity, strict compliance with its provisions is required. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93-95 (1990); *McCall v. United States*, 310 F.3d 984, 988 (7th Cir. 2002). Thus, a plaintiff must file any claim under the FTCA in exact compliance with the statute's terms or the claim must be dismissed. *See Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011-12 (7th Cir. 1991).

The FTCA requires full exhaustion of administrative remedies before a claimant can

14

institute legal action.  *See* 28 U.S.C. § 2675(a); *McNeil*, 508 U.S. at 112.  Specifically, § 2675(a) of the FTCA provides:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified mail or registered mail. The failure of the agency to make final disposition of the claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

28 U.S.C. § 2675(a).  Therefore, under § 2675, a legal action cannot be instituted until a claimant files a claim with the appropriate federal agency and that agency has finally denied the claim or has not processed it within six months of the filing.  *Id.*; *see McNeil*, 508 U.S. 106; *see also, e.g.*, *Pressley v. United States*, No. 2:21-cv-00202-JMS-MG, 2023 WL 6623024, at *3 (S.D. Ind. Oct. 11, 2023) (dismissing FTCA action when record showed that plaintiffs failed to exhaust administrative remedies before filing suit); *White v. United States*, No. 1:21-cv-01833-JPH-MKK, 2023 WL 2018557, at *2 (S.D. Ind. Feb. 15, 2023) ("If a litigant fails to exhaust her administrative remedies prior to filing suit against the United States, the suit must be dismissed."); *Collier v. Caraway*, No. 2:14-cv-00365-JMS-MJD, 2017 WL 347481, at *2 (S.D. Ind. Jan. 24, 2017) ("Simply put, the very filing of a complaint before exhaustion of the administrative process precludes an FTCA claim in that lawsuit."); *Waters v. Anonymous Hosp. A.*, No. 1:10-cv-00983-LJM-MJD, 2011 WL 1458161, at *3 (S.D. Ind. Apr. 14, 2011) ("According to the plain language of the statute, Waters prematurely filed suit in this case, and the Supreme Court has concluded that the Court must strictly adhere to § 2675(a) regardless of whether Waters filed suit protectively while simultaneously filing notice of his tort claim.").

The requirement of administrative review and compliance with the claim procedure of § 2675 cannot be waived.  *See McNeil*, 508 U.S. at 111.  As the Supreme Court has noted, "[e]very

15

premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions." *Id.* at 112. Although the magnitude of this burden varies from case to case, because § 2675(a) governs the processing of a vast multitude of claims, "[t]he interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command." *Id.*

Therefore, if a claimant files a lawsuit before presenting an administrative claim to the agency at all, before receiving a final denial from the agency, or without allowing the six-month administrative period to expire, the court must dismiss the claim. *See, e.g., id.* at 111 (dismissing tort lawsuit where the claimant failed to exhaust his administrative remedies prior to filing suit, but did so before substantial progress was made in the litigation); *Pressley*, 2023 WL 6623024, at *3; *White*, 2023 WL 2018557, at *3 (granting summary judgment to United States on exhaustion when plaintiff filed her lawsuit over seven months before the agency received her tort claim); *Muhammad v. Rupska*, No. 2:15-cv-228-JMS-MJD, 2017 WL 2306393, at *2 (S.D. Ind. May 26, 2017) (dismissing plaintiff's FTCA claims when he filed his civil action less than six months after his tort claim was filed and before the agency had denied the claim); *Grant v. U.S. Dep't of Hous. & Urban Dev.*, No. 1:13-cv-0084-JMS-TAB, 2013 WL 2285568, at *3 (S.D. Ind. May 23, 2013) (dismissing the plaintiff's claims after finding that she did not fully comply with § 2675(a) prior to filing her complaint); *Waters*, 2011 WL 1458161, at *3 (dismissing the United States as a party-defendant in a medical malpractice suit, where the plaintiff filed his suit prematurely before six months had elapsed or the administrative claim had been denied). The requirement in § 2675(a) that an administrative claim be fully exhausted as a prerequisite to seeking judicial review under the FTCA is a valid condition under which a claim may be

maintained under the statute.[8] *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786-87 (7th Cir. 2014); *Kanar v. United States*, 118 F.3d 527, 530 (7th Cir. 1997).

Here, Mills' claims appear to arise from events that purportedly occurred at a post office in Speedway, Indiana. [*See* Filing No. 7 at 1.] Ms. Herbst, the Manager for Tort Program and Adjudication for the Postal Service's National Tort Center searched both the Law Department's nationwide database of submitted administrative claims and the Tort Claims/Collections Specialists' database of claims submitted for adjudication at the local level. [*See* Filing No. 19-1 (Herbst Decl.) at ¶¶ 2-4.] She found no evidence of any claim submitted by, or on the behalf of, Mills in either database. [*Id.* at ¶¶ 3-4.]

The record therefore establishes that Mills has not even presented an administrative tort claim to the Postal Service—let alone had that claim finally denied or had six months pass without a final disposition. Accordingly, should the Court reach this alternative motion for summary judgment, this case must also be dismissed due to Mills' failure to exhaust his administrative remedies under the FTCA before initiating this action.

## VI. CONCLUSION

For the foregoing reasons, Defendant, the United States of America by counsel, respectfully requests that the Court grant its motion to dismiss and dismiss this case with prejudice. In the alternative, the United States respectfully requests that this Court grant

---

[8] Some circuits view compliance with § 2675(a) as a jurisdictional prerequisite, including, at one point, the Seventh Circuit Court of Appeals. *See Smoke Shop, LLC*, 761 F.3d at 786 (collecting cases); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). However, the Seventh Circuit treats adherence to § 2675(a) as a prerequisite for filing suit, *Smoke Shop, LLC*, 761 F.3d at 786; *Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 723 (7th Cir. 2012), and a failure to comply with its exhaustion requirements as a failure to state a claim, *Thompson v. Cope*, 900 F.3d 414, 425 (7th Cir. 2018); *Reynolds v. United States*, 549 F.3d 1108, 1111-12 (7th Cir. 2008). But, whether based on a lack of jurisdiction or failure to state a claim, the end result here is the same—this action must be dismissed.

summary judgment in its favor on its failure to exhaust defense, dismiss this case without prejudice, and grant all other just and proper relief.

                                            Respectfully submitted,

                                            ZACHARY A. MYERS
                                            United States Attorney

By:    *s/ Gina M. Shields*
        Gina M. Shields
        Assistant United States Attorney
        Office of the United States Attorney
        Southern District of Indiana
        10 West Market Street, Suite 2100
        Indianapolis, IN 46204-3048
        Gina.Shields@usdoj.gov
        (317) 226-6333

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024, a copy of the foregoing *Brief in Support of Defendant United States' Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment on Failure to Exhaust Defense* was filed electronically.  Service of this filing will be made on the following ECF-registered counsel via electronic mail:

None.

I further certify that on May 10, 2024, a copy of the foregoing *Defendant United States' Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment on Failure to Exhaust Defense* was mailed, by first class U.S. Mail, postage prepaid and properly addressed to the following:

Robert Mills
10991 Horseshoe Dr.
Indianapolis, IN 46234

*s/ Gina M. Shields*
Gina M. Shields
Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204