UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-02206-TWP-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant United States of America's (the "United States") Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment on Failure to Exhaust Defense (the "Motion to Dismiss") (Dkt. 19). *Pro se* Plaintiff Robert Mills ("Mills") initiated this lawsuit after he was escorted out of a post office in Speedway, Indiana. Following screening pursuant to 28 U.S.C. § 1915(e)(2)(B), only Mills' tort claims for civil conspiracy against the United States remain. The United States now moves to dismiss those claims. For the following reasons, the United States' Motion to Dismiss is **granted**, but Mills will be given a final opportunity to seek leave to amend his complaint.

### I.  BACKGROUND

Mills is a "First Amendment auditor," which is a person who seeks out and records interactions with government officials, or in government buildings, purportedly to ensure that the individuals being recorded do not violate the recorder's constitutional rights. *See Dave v. O'Carrol*, No. 22-40653, 2023 WL 2983567 (5th Cir. Apr. 18, 2023). Mills initiated this action in October 2023, alleging that the Speedway Post Office and postal supervisor Kevin Young ("Young") violated his First and Fourteenth Amendment rights and committed intimidation, harassment, and conspiracy by having the Speedway Police Department ("Speedway PD") forcibly remove him

from the post office (Dkt. 1). In the Entry dated December 14, 2023, the Court granted Mills leave to proceed *in forma pauperis* and screened his original Complaint (Dkt. 5). Because the Speedway Post Office is not a suable entity, and because Mills' original Complaint failed to allege adequate facts to assert a claim against Young, the Court found the Complaint was subject to dismissal for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court noted that the proper defendant to most or all of Mills' claims appeared to be the United States. *Egbert v. Boule*, 596 U.S. 483, 498 (2022) (stating that *Bivens* does not extend to First Amendment claims); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) ("The only proper defendant in [a Federal Tort Claims Act] action is the United States."). Mills was granted an opportunity to amend his Complaint and to show cause why this case should not be dismissed because of a lack of subject matter jurisdiction. *Id.*

On January 5, 2024, Mills filed an amended complaint, which the Court liberally construed as a Supplemental Complaint (Dkt. 7; Dkt. 8). The Supplemental Complaint substituted the United States for the Speedway Post Office as a defendant (Dkt. 7 at 1). The Supplemental Complaint also added factual allegations supporting Mills' civil conspiracy claim. In the Entry dated January 31, 2024, the Court screened the Complaint, as supplemented, and found that under § 1915(e), Mills had adequately alleged tort claims against the United States and a civil conspiracy claim against Young, and the Court allowed only those claims to proceed. Mills did not cure the identified deficiencies for his remaining claims against Young, so those claims were dismissed (Dkt. 8 at 3–4). The Court also dismissed the Speedway Post Office as a defendant. *Id.* at 4. The United States appeared in this action on behalf of itself and Young, leaving the United States as the sole defendant (Dkt. 12; Dkt. 13; Dkt. 17).

On March 14, 2024, without requesting leave to do so, Mills filed a Second Amended Complaint. The caption of the Second Amended Complaint named only the Speedway Post Office and Young as defendants. In its Entry dated April 29, 2024, the Court again explained that neither Young, in his individual capacity, nor the Speedway Post Office were proper defendants (Dkt. 18). The Court also explained that Mills could not add new claims against the Speedway PD and Speedway PD Sergeant Fekkes because those claims did not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against the United States. Fed. R. Civ. P. 20. The Court denied Mills leave to file his Second Amended Complaint because it failed to allege any claim upon which relief could be granted, failed to comply with Federal Rule of Civil Procedure 20, and because his amendment would be futile. The Court notified Mills that if he wanted to amend his complaint in the future, he would need to do so in compliance with Local Rule 15-1 and Rule 20. (Dkt. 18 at 8-9.)

Shortly thereafter, the United States moved to dismiss Mills' remaining tort claims (Dkt. 19). The United States' Motion to Dismiss is now fully briefed and ripe for the Court's review.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a

right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

The United States argues that Mills' tort claims should be dismissed because they fail to satisfy Rule 8's pleading standard, they are barred by the doctrine of sovereign immunity, and, alternatively, Mills failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"). The Court will address only the United States' second argument, which is dispositive. The Court will then briefly address the allegations in Mills' response brief, which are largely non-responsive to the United States' Motion. And lastly, the Court will address the last page of Mills' request, which the Court construes as a motion for leave to amend.

**A.   Sovereign Immunity**

The United States argues that it is entitled to sovereign immunity against Mills' tort claims. The Eleventh Amendment of the United States Constitution bars "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity "extends

to state agencies and state officials in their official capacities," and therefore extends to claims against Young in his official capacity. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546 (7th Cir. 2019).

The FTCA is a limited waiver of sovereign immunity that "permits suits against the government for personal injuries caused by the wrongful acts of federal employees acting within the scope of their employment under circumstances in which a private person would be liable to the plaintiff." *Reynolds v. Government*, 549 F.3d 1108, 1112 (7th Cir. 2008) (citing 28 U.S.C. § 1346(b)(1)). However, the FTCA preserves immunity for claims arising out of intentional torts, including "assault, battery, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).[1]

The United States argues that Mills' claims all arise out of intentional torts. For example, Mills' allegation that Young falsely "[gave] the appearance of [Mills] being a criminal in appearance to others at the post office", (*see* Dkt. 7 at 1), is a claim for libel, slander, or misrepresentation (Dkt. 20 at 11). Mills' complaints that Young threatened and harassed him, at most, assert a claim for abuse of process. And the allegations that Mills was wrongfully and forcibly removed from the Post Office appear to assert a claim for assault or battery. *Id.* All of these intentional tort claims are excluded from the FTCA, and the United States is therefore entitled to sovereign immunity as to those claims.

The United States is also correct that Indiana does not recognize an independent cause of action for civil conspiracy. Under Indiana law, "allegations of a civil conspiracy are just another way of asserting a concerted action in the commission of a tort." *K.M.K. v. A.K.*, 908 N.E.2d 658, 663 (Ind. Ct. App. 2009) (citing *Boyle v. Anderson Fire Fighters Ass'n Local 1262, AFL-CIO*, 497 N.E.2d 1073, 1079 (Ind. Ct. App. 1986), *transfer denied*). Because the only torts alleged by Mills

---

[1] The "intentional torts" exception to the FTCA does not include intentional torts committed by "law enforcement officers." 28 U.S.C. § 2680(h). However, Young is not a "law enforcement officer" as that term is defined in the FTCA.

are intentional torts exempted from the FTCA, he cannot succeed on his claim for civil conspiracy, either. *See Nance v. United States*, No. 24-1181, 2024 WL 4502107, at *2 (7th Cir. Oct. 16, 2024) (finding that plaintiff could not succeed on conspiracy claim because "conspiracy is not an independent tort" under applicable state law, and the underlying torts for abuse of process, defamation, misrepresentation, and deceit were excluded from the FTCA).

Because the United States has sovereign immunity against Mills' claims, the claims must be **dismissed without prejudice**. *McHugh v. Ill. Dep't of Transp.*, 55 F.4th 529, 533–34 (7th Cir. 2022) (explaining that even though sovereign immunity is not a "jurisdictional issue," in that sovereign immunity is waivable, federal courts lack jurisdiction over immune defendants, and a dismissal on the basis of sovereign immunity must be without prejudice).

**B.**     **Mills' Response Brief**

Most of Mills' response is spent elaborating on the bases for his previously dismissed claims, including his constitutional claims, his claims against Young, and his claims against Sergeant Fekkes and the Speedway PD (Dkt. 25 at 1–4). The Court will not restate the reasons for the dismissal of Mills' other claims. The Court explained its reasoning in detail in several Entries (Dkt. 5; Dkt. 8; Dkt. 18), and Mills was given multiple opportunities to amend his complaint in light of those Entries. The additional information offered in Mills' response does not change the Court's reasoning, and Mills' previously dismissed claims **remain dismissed**.

**C.**     **Mills' Request for Leave to Amend**

At the end of his response brief, Mills states "if the Court finds my responses to be insufficient or require clarification or case law stated in my response[,] that the Court will inform me of any errors & grant me the opportunity to clear up any misunderstanding." (Dkt. 25 at 7.) The Court construes this statement as a request for leave to amend the complaint, which the Court will **grant**. Although the Court has already screened Mills' complaint several times, Mills has not

6

yet had an opportunity to cure the deficiencies identified in the United States' Motion to Dismiss. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an . . . applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Mills will therefore be given a final opportunity to amend his complaint.

If Mills wishes to seek leave to amend his Complaint, he is **ORDERED** to file a Motion for Leave to Amend Pleadings **no later than Friday, January 10, 2025**. Any Motion for Leave to Amend Pleadings must comply with Local Rule 15-1(a) and must be "accompanied by a proposed order and one signed original and one copy of the proposed amended pleading" and "must reproduce the entire pleading as amended." S.D. Ind. L.R. 15-1 15-1(a)–(b) (emphasis added). The proposed amended pleading "must include all defendants, claims, and factual allegations the plaintiff wishes to pursue in an action. An amended complaint completely replaces the prior complaint in its entirety and as such it must stand alone without requiring the court to refer back to any previous complaint filed by the plaintiff." *Brown v. Town of Corydon*, No. 23-cv-86, 2024 WL 98682, at *1 (S.D. Ind. Jan. 9, 2024) (emphasis added); *see Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Mills **may not** seek leave to relitigate his constitutional claims or his claims against Young, individually, and Mills **may not** seek leave to relitigate his claims against Sergeant Fekkes or Speedway PD, which must be filed as a separate action pursuant to Rule 20.

As a final matter, the Court notes that although Mills is representing himself, he is held to the same procedural requirements as any other litigant. "[I]t is . . . well established that *pro se*

litigants are not excused from compliance with procedural rules. . . . [T]he Supreme Court has 'never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" *Pearle Vision, Inv. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

## IV.    CONCLUSION

For the reasons explained above, the Court **GRANTS** the United States' Motion to Dismiss ([Dkt. 19](#)) and **DISMISSES** Mills' claims against the United States **without prejudice**.  If Mills wishes to seek leave to amend his Complaint, he is **ORDERED** to do so **no later than Friday, January 10, 2025**.  Any Motion for Leave to Amend Pleadings must comply with Local Rule 15-1 and attach a signed proposed second amended complaint.  Mills may not seek to relitigate claims that were previously dismissed.  If nothing is filed by January 10, 2025, or if Mills' Motion for Leave to Amend Pleadings does not comply with Local Rule 15-1 or is denied, then final judgment consistent with this Entry will issue under separate Order.

**SO ORDERED**.

Date:  11/26/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert Mills
10991 Horseshoe Drive
Indianapolis, Indiana  46234

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
gina.shields@usdoj.gov