UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:23-cv-02206-TWP-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTIONS TO RECONSIDER**

On January 8, 2025, Plaintiff Robert Mills submitted approximately 23 filings, consisting primarily of improper notices of purported violations of statutes or regulations, affidavits of fact, or several separately filed "amended pleadings." [*See* Filing Nos. 28-43, 50-52.] Amongst these filings appear to be one or two motions for reconsideration[1] and a brief spanning across several filings. [*See* Filing Nos. 44-49.] In those filings, Mills asks the Court to reconsider the dismissal of U.S. Postal Service Supervisor Kevin Young and Speedway Police Sergeant Fekkes as defendants so he can pursue constitutional claims against them. [*See* Filing Nos. 44, 48.] He also tries to reframe his intentional tort claims as negligence claims to defeat the United States' sovereign immunity defense, which the Court found dispositive. [*See* Filing Nos. 46-47.] Because nothing in these motions presents one of the limited circumstances in which the Court should reconsider its rulings, the Court must deny them.

---

[1] It is unclear if Filing Nos. 44 and 45 are one motion or two. They were docketed separately as a Motion for Reconsideration, missing the second page, and a Second Motion for Reconsideration.

## I. RELEVANT PROCEDURAL BACKGROUND

To recap, Mills filed his initial Complaint in December 2023, naming the Speedway Post Office and Supervisor Young as defendants. [Filing No. 1.] The Court screened the Complaint, concluding that Mills could not succeed on his claims that Supervisor Young violated the Fourteenth Amendment (which only applied to the states) or the First Amendment, as the *Bivens* remedy does not extend to such violations; it also dismissed his conspiracy, intimidation, and harassment claims. [Filing No. 5 at 4-5.] The Court nonetheless afforded Mills an opportunity to amend his Complaint [*id.* at 5-6], which he did in early January 2024 [*see* Filing No. 7]. Shortly thereafter, the Court screened the Amended Complaint, allowing Mills to pursue a claim against the United States under the Federal Tort Claims Act ("FTCA"). [*See* Filing No. 8 at 3-4.] The Court further found that Mills had not cured the deficiencies as to his claims against Supervisor Young and dismissed all those claims, except for a "civil conspiracy" claim.[2] [*Id.* at 4.]

Not to be deterred, Mills filed a Second Amended Complaint, reiterating his desire to hold the Speedway Post Office and Supervisor Young "personally responsible" for purported violations of the First and Fourteenth Amendments and defamation and asserting new allegations against Sergeant Fekkes and the Speedway Police Department. [Filing No. 11 at 1-2.] The Court then screened the Second Amended Complaint, again explaining "that individual employees of the federal government—including postal employees like Young—cannot be held personally liable for violations of the First Amendment, the Fourteenth Amendment, or state law torts." [Filing No. 18 at 5.] As to the new claims against Sergeant Fekkes and the Speedway

---

[2] The United States subsequently substituted itself in place of Supervisor Young for the remaining "civil conspiracy" claim against him. [*See* Filing No. 13.]

2

Police Department, the Court found that they violated Federal Rule of Civil Procedure 20's joinder rules and would be futile. [*Id.* at 6-8.] Accordingly, Mills's Second Amended Complaint was stricken, leaving his First Amended Complaint as the operative pleading. [*Id.* at 8.] The Court further explained that, if Mills wished to amend his pleadings in the future, he "**may not** seek leave to reassert his claims against the Speedway Post Office or Young, individually, for the reasons described in this Order and in the Court's earlier screening Entries." [*Id.* at 9 (emphasis in original).]

In May 2024, the United States filed a Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment on Failure to Exhaust Defense. [*See* Filing Nos. 19-21.] On November 26, 2024, the Court granted the United States' Motion to Dismiss, concluding that Mills's allegations amounted to intentional tort claims, which are excluded from the FTCA's waiver of sovereign immunity, and that, as such, he could not succeed on a claim for civil conspiracy either. [*See* Filing No. 27 at 5-6.] The Court also reiterated its previous rejections of Mills's constitutional claims against Supervisor Young and his claims against Sergeant Fekkes and the Speedway Police Department. [*Id.* at 6.]

Mills was afforded until January 10, 2025, to file a Motion for Leave to Amend Pleadings. [*Id.* at 7.] However, the Court advised him that any such motion must comply with S.D. Ind. Local Rule 15-1(a) and be accompanied by a proposed order and a copy of the proposed amended pleading, which must include all defendants, claims, and factual allegations that he wished to pursue. [*Id.*] The Court explicitly warned Mills that he "**may not** seek leave to relitigate his constitutional claims or his claims against Young, individually, and [ ] **may not** seek leave to relitigate his claims against Sergeant Fekkes or the Speedway PD, which must be filed as a separate action pursuant to Rule 20." [*Id.* (emphasis in original).]

3

Again, on January 8th, Mills submitted approximately 23 filings. [*See* Filing Nos. 28-52.] Not even one was a Motion for Leave to Amend Pleadings or a single proposed amended pleading setting forth all defendants, claims, and factual allegations. [*See generally id.*]

## II.   ARGUMENT

It is well settled "that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). Motions for reconsideration are disfavored and should be "rare." *Bank of Waunakee*, 906 F.2d at 1191. Their disposition is left to the discretion of the district court. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citation omitted).

Although difficult to decipher, Mills appears to seek reconsideration of two aspects of the Court's prior rulings: (1) the dismissal of the constitutional claims against Supervisor Young and Sergeant Fekkes; and (2) the Court's conclusion that his allegations against the United States amount to only intentional torts, which are outside the scope of the FTCA's waiver of sovereign immunity. [*See generally* Filing Nos. 44-49.] As to the first, the Court has explained to Mills in several rulings why his constitutional claims against Supervisor Young are deficient. [*See* Filing No. 5 at 4-5; Filing No. 18 at 5; Filing No. 27 at 6.] Mills disagrees with this result, but provides no citation or authority establishing that the Court made an "error of apprehension," that there has been a significant change in the law or the discovery of significant new facts, or any of the

other reasons justifying the granting of a motion to reconsider.  *See Broaddus*, 665 F.3d at 860.  A mere disagreement with the Court's decision is not a basis of reconsideration.  *See Quality Leasing Co. v. Int'l Metals, LLC*, No. 1:18-cv-01969-TWP-MG, 2021 WL 4193546, at *6 (S.D. Ind. Sept. 15, 2021); *Am. Commercial Lines LLC v. Lubrizol Corp.*, No. 4:12-cv-00135-SEB-WGH, 2014 WL 6673606, at *1 (S.D. Ind. Nov. 24, 2014).

Regarding Mills's second challenge, although Mills tries to reframe his tort claims as sounding in negligence, he is still attempting to hold the United States liable for the same, already rejected, claims—intentional torts such as defamation and abuse of process and non-cognizable allegations of threats, intimidation, and harassment.  [*See* Filing Nos. 46, 47 (claiming that Fekkes and Young damaged his character, honor, and reputation and alleging "conspiracies of intimidation [and] defamation"), 48 (contending that Young and Fekkes committed "willful negligent torts").]  And Mills has again failed to establish that the Court's sovereign immunity ruling was in error.  Nor does he identify any error in apprehension, significant change in law, or new facts justifying a reconsideration of the Court's dismissal of his First Amended Complaint.  *See Broaddus*, 665 F.3d at 860.

### III.     CONCLUSION

Ultimately, Mills's Motions to Reconsider fail to establish any of the very limited circumstances in which reconsideration is appropriate.  As such, his motions should be denied.  Moreover, given Mills's failure to file any Motion for Leave to Amend Pleadings by the January 10th deadline—let alone one that complies with S.D. Ind. Local Rule 15-1 and the Court's prior

order—the United States respectfully requests that the Court enter final judgment in its favor.

        Respectfully submitted,

        JOHN E. CHILDRESS
        Acting United States Attorney

By:   *s/ Gina M. Shields*
        Gina M. Shields
        Assistant United States Attorney
        Office of the United States Attorney
        Southern District of Indiana
        10 West Market Street, Suite 2100
        Indianapolis, IN 46204-3048
        Gina.Shields@usdoj.gov
        (317) 226-6333

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2025, a copy of the foregoing *Defendant's Response in Opposition to Plaintiff's Motions to Reconsider* was filed electronically.  Service of this filing will be made on the following ECF-registered counsel via electronic mail:

None.

I further certify that on January 22, 2025, a copy of the foregoing *Defendant's Response in Opposition to Plaintiff's Motions to Reconsider* was mailed, by first class U.S. Mail, postage prepaid and properly addressed to the following:

Robert Mills
10991 Horseshoe Dr.
Indianapolis, IN 46234

*s/ Gina M. Shields*
Gina M. Shields
Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204